**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| ALMAZ TSIGE, | * |
|     Plaintiff, | * |
| v. |     Case No.: GJH-18-2341 |
| | * |
| MARRIOTT HOTEL SERVICES, INC., | |
| | * |
|     Defendant. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Almaz Tsige, initially proceeding *pro* se, brought this action alleging that her employer Defendant Marriott Hotel Services, Inc. violated her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*. Pending before the Court are the parties' Cross Motions for Summary Judgment. ECF Nos. 26 & 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Summary Judgment will be denied, and Defendant's Motion for Summary Judgment will be denied.

**I.    BACKGROUND[1]**

From approximately August 11, 2009 to January 14, 2017, Defendant employed Plaintiff as a Customer Service Agent with its In-Room Dining Department. ECF No. 38-1 ¶ 2. Between approximately January 15, 2017 and December 3, 2017, Defendant employed Plaintiff as a Marketplace Attendant with the Food & Beverages Department. *Id.* ¶ 3.

---

[1] Unless stated otherwise, the following facts are undisputed. Where disputes arise, the Court considers the evidence in the light most favorable to the non-movant, separately considering the parties' cross motions for summary judgment. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

1

On October 4, 2017, Plaintiff provided a "Verification of Treatment" form to Defendant, indicating that she needed to use medical leave for a serious health condition. *See* ECF No. 28-5 ¶ 4; *id.* at 5. She also submitted an "Absence Request" form to Grant Consoletti who was employed by Defendant as a Manager. ECF No. 38-1 ¶ 6; ECF No. 38-3. To indicate the "type of absence request," Plaintiff checked "vacation," but she noted that the reason for her absence was a "MD reason check HR Records," i.e., a medical reason. ECF No. 38-3. Consoletti approved Plaintiff's request. *Compare id.* (Absence Request containing Consoletti's signature) *with* ECF No. 28-4 at 2 (Declaration of Grant Consoletti containing Consoletti's signature). Consoletti disputes that he knew that Plaintiff requested medical leave. ECF No. 28-4 ¶ 5.

From approximately October 10 to 23, 2017, Plaintiff exercised FMLA leave for a serious health condition. ECF No. 38-1 ¶ 7. On or about October 24, 2017, Plaintiff provided FMLA certification paperwork related to her medical leave to Defendant. *Id.* ¶ 8; ECF No. 38-2.

On October 27, 2017, Plaintiff provided additional FMLA certification paperwork to Defendant. ECF No. 28-5 at 7–10. Defendant concluded that Plaintiff was eligible for FMLA leave. *Id.* ¶ 5. A few days later on November 3, 2017, Consoletti told Plaintiff that he and another manager had been trained on how to take disciplinary action against employees and that he "could not wait to use" that authority. ECF No. 38-1 ¶¶ 3, 9. The next day on November 4, 2017, Plaintiff and Consoletti had a dispute about whether vanilla caramel crunch cakes could be placed in the Marketplace for guest consumption. *Id.* ¶ 12. According to Plaintiff, the cakes were frozen and could not be served to guests. *Id.* Consoletti knew that the cakes were frozen and that they needed to be defrosted prior to being served to guests. *Id.* However, Consoletti twice instructed Plaintiff to place the cakes on display at the Marketplace. *Id.* ¶ 11. Plaintiff began to comply with the assistance of her colleague Rigbe Aragaw. *Id.* ¶ 12. Aragaw then told Plaintiff

that Aragaw would finish taking care of this task, at which point Plaintiff stopped assisting and began to complete another job duty. *Id.* Based on this "incident," Plaintiff was suspended from her employment for alleged insubordination. *Id.* ¶ 10.[2]

Defendant's Progressive Discipline Policy states that immediate termination may result from: "Failure to carry out a reasonable job assignment or job request of your supervisor or manager after being warned failure to do so may result in termination." ECF No. 28-3 at 14. Consoletti did not warn Plaintiff that failing to display the vanilla caramel crunch cakes could result in termination. ECF No. 38-1 ¶ 14. And Plaintiff's Human Resources file contained no write-ups prior to November 4, 2017. *Id.* ¶ 4. Consoletti did write a contemporaneous record about the cake dispute, but that record does not mention anything about Plaintiff potentially being terminated. ECF No. 28-3 at 10. On November 7, 2017, through her union, Plaintiff filed a grievance to protest her suspension from employment issued on November 4, 2017. ECF No. 38-1 ¶ 14. On November 17, 2017, Plaintiff had a "Grievance Meeting" regarding her suspension from employment. *Id.* ¶ 16. On December 3, 2017, a little over a month after Plaintiff took FMLA leave, Plaintiff was terminated from employment for her alleged insubordination on November 4, 2017. *Id.* ¶ 18.

## II.     STANDARD OF REVIEW

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Francis v. Booz, Allen & Hamilton, Inc.,* 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass,*

---

[2] Defendant also provides declarations indicating that, before this incident, Plaintiff had been disciplined for using her cell phone at work, responding in an argumentative tone, and failing to listen to instructions. ECF No. 28-3 ¶ 12; ECF No. 28-6 ¶ 8. Plaintiff disputes this, claiming a review of her personnel file contained no write-ups. ECF No. 38-1 ¶ 4.

242 F.3d 179, 183 (4th Cir.2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson,* 477 U.S. at 248–49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985). The Court may rely on only facts supported in the record, not simply assertions in the pleadings, to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson,* 477 U.S. at 255.

Cross-motions for summary judgment require that the Court consider "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). "The Court must deny both motions if it finds there is a genuine issue of material fact, 'but if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment.'" *Wallace v. Paulos*, 2009 WL 3216622 at *4 (D. Md. Sept. 29, 2009) (citation omitted).

### III.    DISCUSSION

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The rights afforded to employees under the FMLA include protection from

retaliation for exercising these rights. *See Dotson v. Pfizer, Inc.*, 558 F.3d 284, 294 (4th Cir. 2009). Although the FMLA does not contain an explicit prohibition against retaliation, the FMLA regulations state that the "prohibition against 'interference' prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights," 29 C.F.R. § 825.220(c), and the Fourth Circuit recognizes retaliation as a viable claim. *See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 & 551 (4th Cir. 2006). Here, Plaintiff alleges that Defendant retaliated against her by suspending and terminating her for taking FMLA leave. Both parties seek summary judgment on this claim.

"FMLA claims arising under the retaliation theory are analogous to those derived under Title VII and so are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800–06 (1973)." *Id.* at 550–51. Thus, to succeed on her retaliation claim, Plaintiff must first make a prima facie case showing that "(1) she 'engaged in protected activity;' (2) 'an adverse employment action was taken against her;' and (3) 'there was a causal link between the protected activity and the adverse employment action.'" *Wright v. Southwest Airlines,* 319 Fed. App'x. 232, 233 (4th Cir. 2009) (quoting *Mackey v. Shalala,* 360 F.3d 463, 469 (4th Cir. 2004)). After an employee makes out a prima facie case, the burden shifts to the employer, which then must proffer evidence of a legitimate, non-discriminatory reason for the adverse employment action. *See Matvia v. Bald Head Island Mgmt., Inc.,* 259 F.3d 261, 270-71 (4th Cir. 2001). If the employer does so, the burden shifts back to the employee "to prove by a preponderance of the evidence that the proffered reasons were pretextual." *See Dennis v. Columbia Colleton Med. Ctr.*, 290 F.3d 639, 646 (4th Cir. 2002). A plaintiff meets the burden of demonstrating pretext by showing that the employer's proffered explanation is "unworthy of

credence or by offering circumstantial evidence sufficiently probative of the issue of retaliation." *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) (internal quotation marks omitted).

It is undisputed that Plaintiff engaged in a protected activity when she requested and took FMLA leave. ECF No. 28-5 at 7–10; ECF No. 38-1 ¶ 7; ECF No. 38-2; *See Greene v. YRC, Inc.*, 987 F. Supp. 2d 644, 655 (D. Md. 2013). Additionally, her suspension and termination were unquestionably adverse employment actions. *See Yashenko*, 446 F.3d at 551. Finally, "the closeness in time between" the protected activity and the adverse employment action "demonstrates the requisite causal connection between the two events" to satisfy the third, and final, element of Plaintiff's prima facie retaliation claim. *Mercer*, 532 F. App'x at 398; *see also Yashenko,* 446 F.3d at 551 ("While evidence as to closeness in time far from conclusively establishes the requisite causal connection, it certainly satisfies the less onerous burden of making a prima facie case of causality."). Here, within one month of when Plaintiff told Defendant about her need to take medical leave and within only about a week of her return from exercising FMLA leave, Plaintiff was suspended from employment. ECF No. 38-1 ¶¶ 5–8, 10. A month later, she was terminated. *Id.* ¶ 18. Taken together, Plaintiff has introduced sufficient evidence to make out a prima facie retaliation claim.

The burden thus shifts to Defendant to offer a legitimate, non-discriminatory reason for suspending and then terminating Plaintiff's employment. Although Defendant has done so— proffering that Plaintiff was fired for insubordination—genuine disputes of material fact exist as to whether Defendant's articulated reason for suspending and firing Plaintiff was its real reason. Specifically, Defendant's position that adverse employment action was taken against Plaintiff for insubordination is refuted by Plaintiff's evidence that 1) Consoletti's request was not reasonable and 2) that Plaintiff nonetheless complied.

6

Defendant's Progressive Discipline Policy states that termination may result from "failure to carry out a reasonable job assignment or job request" after an employee is warned that such insubordination could result in termination. However, a jury could conclude that Consoletti's request that Plaintiff place vanilla caramel crunch cakes in the Marketplace for guest consumption was not a "reasonable job assignment or job request" because Consoletti knew that the cakes were frozen and needed to be defrosted before being served to guests. ECF No. 38-1 ¶¶ 11–12. Viewing the facts in the light most favorable to Plaintiff, Plaintiff complied with Consoletti's request even though she deemed it unreasonable. *Id.* After Consoletti twice instructed Plaintiffs to display the cakes, she began to comply with the assistance of her colleague Rigbe Aragaw. *Id.* ¶ 12. Plaintiff began to complete another job duty after Aragaw told Plaintiff that Aragaw no longer needed assistance. *Id.* Taken together, Plaintiff has introduced sufficient evidence that Defendant's insubordination explanation is unworthy of credence, and Defendant is not entitled to summary judgment on Plaintiff's FMLA retaliation claim. However, Plaintiff is also not entitled to summary judgment because genuine disputes of material fact remain over whether Defendant's legitimate, non-discriminatory reason for suspending and firing Plaintiff was in fact pretextual. Ultimately, sufficient evidence exists for a jury to reach a verdict in favor of either party.

Defendant's argument that Plaintiff's evidence should be disregarded, entitling Defendant to summary judgment, fails. First, Defendant has not moved to strike Plaintiff's evidence, instead only requesting that her evidence be disregarded in its reply memorandum in support of its Motion for Summary Judgment. ECF No. 39 at 4. Additionally, under Rule 37(c)(1), which Defendant does not cite, "[i]f a party fails to provide information as required by Rule 26(e), the party is not allowed to use that information . . . to supply evidence on a motion . . ., unless the

7

failure unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, any information previously withheld by Plaintiff was likely done so by mistake because Plaintiff was acting *pro se* and is harmless.

Defendant's claim that Plaintiff's affidavit is insufficient to create a genuine issue of material fact because it is inconsistent with her deposition testimony also fails. To be sure, "[a] party who has been examined at length on deposition" cannot "raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984). However, courts "carefully limit" application of the sham affidavit rule "to situations involving flat contradictions of material fact." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 528 (D. Md. Jan. 21, 2014) (internal quotations omitted); *see also Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 n.7 (4th Cir. 2001) (finding the sham affidavit rule inapplicable where it was ambiguous whether an affiant's declaration contradicted his prior testimony, meaning no "bona fide inconsistency" had been identified). The sham affidavit rule is inapplicable here because Plaintiff has not raised an issue of material fact that flatly contradicts her prior testimony. At Plaintiff's deposition, Defendant's counsel asked whether Plaintiff told Consoletti that she was out on medical leave. ECF No. 39-1 at 52:16–21. Plaintiff responded that it was "on the schedule." *Id.* at 52:22. At her deposition, Plaintiff also said she did not tell Consoletti why she had been out of work when she returned from her FMLA leave. *Id.* at 53:24–54:2. These statements are not flatly contradicted by Plaintiff's statement in her affidavit that on October 4, 2017 before she took her leave, Plaintiff gave Consoletti an Absence Request form that noted that she was going on medical leave. ECF No. 38-1 ¶ 6. Defendant similarly contests the statement in Plaintiff's affidavit that Consoletti knew the cakes were frozen, but Plaintiff consistently answered the question "he told you it was a frozen cake?" with "He told me [sic] a

8

frozen cake" at her deposition. ECF No. 39-1 at 102:25–103:1. Because Defendant has not identified any "bona fide inconsistency" between Plaintiff's deposition testimony and her affidavit, the Court need not disregard Plaintiff's affidavit.

In her Opposition to Defendant's Motion for Summary Judgment, Plaintiff also contends that Defendant discriminated against her based on her age and national origin in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. However, even construing Plaintiff's Complaint liberally (Plaintiff filed the Complaint while *pro se*), it does not plausibly allege an ADEA or Title VII claim. Although the Complaint mentions Plaintiff's age and national origin, it does not allege, even in conclusory fashion, that she was suspended or terminated because of those characteristics. ECF No. 1-1. A party may not raise a new claim in a brief in opposition to summary judgment. *See, e.g.*, *Barclay White Shanska, Inc. v. Batelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008). Because Plaintiff did not raise ADEA or Title VII claims in her Complaint and has not moved for leave to amend, the Court will not consider those claims here.

## IV. CONCLUSION

For the foregoing reasons, Both Plaintiff and Defendant's Motions for Summary Judgment are denied. A separate Order shall issue.

Date: July 5, 2019                                       /s/
                                                         GEORGE J. HAZEL
                                                         United States District Judge

9